PER CURIAM.
This disciplinary proceeding against David C. Martell is before us on complaint of The Florida Bar and report of the referee. No review is sought by either The Florida Bar or the respondent. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
*1059 Respondent is currently under a temporary suspension from the practice of law which we ordered September 20, 1982.'
The complaint alleged that respondent, on or about November 9, 1981, loaned $10,-000 to Mr. Igor Mestchersky. Repayment in the amount of approximately $50,000 was to be made within six weeks. A loan agreement was presented by respondent to Mr. Mestchersky and was signed by both parties. Mr. Mestchersky encountered financial difficulties and was unable to repay respondent.
Approximately three and one-half months after the signing of the loan agreement respondent sent one John Mark Davis to Mr. Mestchersky’s home. Mr. Davis advised Mr. Mestchersky that he would be hurt if he did not come up with the money owed. The respondent made numerous telephone calls to Mr. Mestchersky’s home threatening physical injury to Mr. Mestch-ersky and his family if the monies owed to respondent were not paid.
On or about June 2, 1982, respondent knowingly and unlawfully hired and solicited Detective Robert Shemeth, acting undercover, to cause physical injury to Mr. Mestchersky and Mr. Mestchersky’s dog to collect the money owed to respondent, and to threaten Mr. Mestchersky that further injury would be caused if the monies owed were not repaid. Respondent agreed to pay Detective Shemeth $1,000 plus expenses for his services in injuring and threatening Mr. Mestchersky and his dog.
On June 4, 1982, Detective Shemeth called respondent at his law office and advised him that the matter was completed and a meeting was scheduled for the evening of June 4, 1982. At this meeting Detective Shemeth advised the respondent that he had caused physical harm to Mr. Mestchersky and his dog, and that Mr. Mestchersky then went to the bank and returned with $10,000 which he gave to Detective Shemeth for respondent. Detective Shemeth gave respondent the $10,000 and respondent paid Detective Shemeth $1,000 for his services and $200 for expenses. Respondent advised Detective Shemeth that he planned to use him in the future for additional jobs to cause injury to others.
The referee found respondent guilty of violating Florida Bar Integration Rule, article XI, Rule 11.02(3)(b) and Florida Bar Code of Professional Responsibility, Disciplinary Rule 1-102(A)(6) in that he attempted to engage in conduct prohibited by section 777.04(2), Florida Statutes (1981), and recommended that respondent be suspended from the practice of law in the State of Florida for a period of three years and thereafter until he proves his fitness to be reinstated.
We agree with the referee’s findings and adopt his recommendation. David C. Mar-tell is suspended from the practice of law for a period of three years from September 20, 1982, the date of his previously ordered temporary suspension. At the end of his suspension respondent will be reinstated upon approval by The Florida Bar. Costs of these proceedings in the amount of $1,642.80 are assessed against respondent.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, McDonald, EHRLICH and SHAW, JJ., concur.